UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary DeWilliams,

    Plaintiff,

v.   Civil Action No. 11 )588

Eric Holder *et al.*,

    Defendants.

FILED
MAR 22 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* petition for a writ of mandamus and declaratory judgment, accompanied by an application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a prisoner at the Federal Correctional Institution Englewood in Littleton, Colorado, seeks a writ of mandamus and declaratory judgment. He alleges that the clarification order of the judge who sentenced him in 1988 following his plea of guilty in the United States District Court for the District of Colorado has deprived him of due process and the benefit of his bargained plea. Plaintiff seeks an order from this Court (1) "to reverse the 1988 judgment," (2) to compel the Department of Justice and certain DOJ components "to Null and Void [the] Clarification Judgment Order," (3) to compel the United States Attorney "to Enforce its Plea Agreement as Agreed with Petitioner upon Pursuant to the Sentencing Guidelines (1987) Ed.)," and (4) to "[o]rder Expugnment [sic] [of] the CJO from all systems of retrieval and records maintained by all agencies of the United States." Compl. at 20.

In order to grant the relief sought, this Court would need to review the decision of its sister court in Colorado and vacate its judgment. A federal district court lacks subject matter jurisdiction to review the decisions of another federal district court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). This action is yet another of plaintiff's attempts to overturn his conviction, where he will not succeed. *See DeWilliams v. Davis*, 369 Fed. Appx. 912, 913 (10th Cir. 2010) ("For many years, and with resort to many different legal devices, petitioner-appellant Gary DeWilliams has been trying to convince a court to overturn his 1988 federal conviction and twenty-five-year sentence for bank robbery and making a false statement."). Hence, it will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: March 18, 2011

United States District Judge